## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | Case No. 3:25-cr-140 |
| Charles Anthony Dalzell, ) | |
| ) | |
| Defendant. ) | |

Following a June 18, 2025 hearing, Charles Dalzell was ordered detained pending trial. (Doc. 14). On December 29, 2025, he filed a motion seeking pretrial release, and the court held a hearing on the motion on January 6, 2026. (Doc. 59).

Dalzell requested release to reside with his mother in Baudette, Minnesota. As to his criminal history, he argued he had had no recent failures to appear and there is no record of any failure to follow release conditions. He asserted he could address a pending state court warrant relating to charges similar to the current federal charge by posting a $500 bond. He argued evidence presented at the initial hearing regarding his request for return of a firearm concerned a firearm that belonged to his cousin and not to him. Dalzell asserted conditions of location monitoring, periodic reporting to a Pretrial Services Officer, a prohibition on possession of firearms, a prohibition on contact with any alleged victim or with any government agency, substance abuse and mental health evaluations and treatment, and a prohibition on use of non-prescribed controlled substances would reasonably assure his appearance at future proceedings and reasonably assure safety of the community.

The United States advocated for Dalzell's continued detention, pointing to several inconsistencies between his statements to the Pretrial Services Officer and statements

he made during a Bureau of Prisons competency evaluation. The United States argued Dalzell's criminal behaviors have become more serious over time and he continued to "act out" after he was charged in this case through letters on file with the court, which harshly criticized individuals involved with his case who he perceives as treating him unfairly.

The Pretrial Services Officer recommended continued detention, citing multiple factors posing risk of nonappearance and risk of danger. (Doc. 62). Having thoroughly considered evidence in the Pretrial Services Report, along with evidence proffered during the June 18 and January 6 hearings, Dalzell's motion, (Doc. 59), is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of January, 2026.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge